UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE JURO SYSTEM, INC., | Case No. 3:25-CV-00275-MMD-CLB <br><br> **ORDER RE MOTION TO QUASH SUBPOENAS** <br><br> [ECF No. 1] |

Pending before the Court is Cosimo Constantino's and Clarissa Constantino's (collectively "Petitioners") motion to quash subpoena. (ECF No. 1.) On May 21, 2025, the Securities Exchange Commission ("SEC") issued subpoenas to US Bank NA and Wells Fargo Bank NA to obtain the Constantino's personal financial records. (*Id.*) The SEC seeks the records as part of their investigations of securities law violations by Juro System, Inc., which Cosimo Constantino previously served as a director. (*Id.*) Unlike the typical motions to quash subpoenas within typical civil litigation pursuant to Fed. R. Civ. P. 45(d)(3), the motion to quash was filed pursuant to 12 U.S.C. § 3410(a).

Petitioner seeks relief pursuant to the Right to Financial Privacy Act of 1978 ("RFPA"), which permits challenges by customers of financial institutions to government subpoenas. *See* 12 U.S.C. § 3410(a). The RFPA was enacted by Congress in response to the United States Supreme Court's ruling in *United States v. Miller*, 425 U.S. 435 (1976), which held that bank customers had no Fourth Amendment right to privacy for financial information held by financial institutions. *See, e.g.*, *In re Blunden*, 896 F. Supp. 996, 999 (C.D. Cal. 1995). The RFPA requires federal government agencies to provide banking customers with notice and an opportunity to object before a bank can disclose personal financial information to the federal government agency. *See* 12 U.S.C. §§ 3401-3402.

Challenges brought under the RFPA proceed in two steps. The Court first analyzes whether the movant complied with the procedural requirements for seeking relief as established in 12 U.S.C. § 3410(a). That section establishes the timing requirements for

seeking relief, the service requirements of the request for relief, and the manner in which the challenge is made. *See id*. For example, the statute requires the motion include an affidavit or sworn statement that: (1) the applicant is a customer of the financial institution from which financial records pertaining to him have been sought, and (2) the applicant's reasons for believing that the financial records sought are not relevant to a legitimate law enforcement inquiry or that there has otherwise not been substantial compliance with this law. *Id*. "The first step in the Court's analysis is generally a screening of the motion to ensure that it complies with procedural requirements." *Arthur v. United States Sec. & Exch. Comm'n*, No. 2:20-CV-00158-GMN-NJK, 2020 WL 4498468, at *3 (D. Nev. May 20, 2020).

After this initial inquiry is completed, the Court "shall order the Government authority to file a sworn response, which may be filed in camera if the Government includes in its response the reasons which make in camera review appropriate." 12 U.S.C. § 3410(b). At this stage, the RFPA "narrowly constrains the range of decisions which the Court may make with regard to motions to quash." *Blunden*, 896 F. Supp. at 999 (citing *Collins v. Commodity Futures Trading Comm.*, 737 F. Supp. 1467, 1478 (N.D. Ill. 1990)). There are only three relevant questions for the court to consider: "(1) Is there a legitimate law enforcement inquiry; (2) are the subpoenaed bank records relevant to the inquiry; and (3) has the government agency complied with the requirements of the RFPA?" *Id*. When this two-step process is followed, the Court will issue an order within seven days of the filing of the Government's responsive brief. *See* 12 U.S.C. § 3410(b).

Upon review of the petition, the Court finds the Petitioners have complied with § 3410(a). The Petitioners state they are customers of the financial institutions from which the SEC is seeking financial records. (ECF No. 1 at 4, 6.) The Petitioners assert that Juro System Inc. was dissolved and never made a public offering of securities, failed to raise funds, and never had cash revenues. (*Id.*) Section 3410(a) does not require the Court to determine if such a reason is legitimately relevant, only that such an assertion was stated within the motion to quash. The motion to quash subpoenas was made within fourteen

days of the date of subpoena. (*Id.*) The Petitioners certify they have "mailed or delivered a copy" their motion to the financial institutions as well as the proper individuals at the SEC. (ECF No. 1 at 26-29.)

Accordingly, pursuant to 12 U.S.C. § 3410(b), the Court **ORDERS** the SEC to file a sworn response to Petitioner's motion to quash subpoenas, within 14 days from the date of this Order.

**IT IS SO ORDERED.**

**DATED**: June 30, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**